**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| GLEN HOWDER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 3:26-cv-324-DWD |
| | ) | |
| JEFFREY WEHKING, Warden of | ) | |
| Centralia Correctional Center, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

Petitioner, through retained private counsel, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. (Doc. 1). The Petition is now before the Court for a preliminary review. Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts provides: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." *See* Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts; *accord Mayle v. Felix*, 545 U.S. 644, 663 (2005).

Petitioner was convicted in the Circuit Court of Wabash County, Illinois, for soliciting child pornography and aggravated criminal sexual abuse. (Doc. 1, pgs. 1, 3); *see also People v. Howder*, No. 19-CF-29 (Cir. Ct. Wabash Co. 2019). He is serving an aggregate term of 30 years in the IDOC (*i.e.*, 20 years for soliciting child pornography and two consecutive 5-year terms for aggravated criminal sexual abuse). (Doc. 1, pg. 3).

Petitioner directly appealed his conviction and sentence to the Illinois Appellate Court, Fifth District, which unanimously affirmed the Circuit Court of Wabash County on December 3, 2024. (Doc. 1, pg. 4); *see also People v. Howder*, 2024 IL App (5th) 220275-U. He then filed a Petition for Leave to Appeal that was denied by the Supreme Court of Illinois. (Doc. 1, pg. 4); *see also People v. Howder*, 256 N.E.3d 970 (Table) (March 26, 2025). Petitioner has not initiated collateral proceedings in the State of Illinois. (Doc. 1, pg. 6).

Now, Petitioner argues his conviction and sentence was unconstitutional in that it violated clearly established federal law, as determined by the Supreme Court of the United States. (Doc. 1, pg. 1). Specifically, Petitioner argues: (1) there was insufficient evidence to sustain the child pornography conviction under the Due Process Clause of the Fourteenth Amendment; (2) the Circuit Court of Wabash County failed to conduct a statutorily mandated reliability hearing before admitting hearsay statements, which violated Petitioner's rights under the Confrontation Clause of the Sixth Amendment; (3) the Circuit Court of Wabash County erroneously admitted highly prejudicial other-crimes evidence, which violated Petitioner's right to a free and fair trial; and (4) the cumulative errors deprived Petitioner of fundamental fairness. (Doc. 1, pgs. 1, 13-26).

Given the limited record and argument available at this time, it does not "plainly appear[] from the petition" that Petitioner is entitled to no habeas relief. *See* Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts; *accord Mayle*, 545 U.S. at 663. Accordingly, without commenting on the merits of Petitioner's alleged grounds for relief, the Court **FINDS** the Petition survives a Rule 4 preliminary review. Respondent is **DIRECTED** to file an answer or other pleading within 30 days, *i.e.*, on or before **May 13,**

2

**2026**. Petitioner then has until **June 12, 2026**, to file a Reply. This Memorandum & Order does not preclude Respondent from raising any objection or defense to the Petition. Service on the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois, 60601, shall constitute sufficient service upon Respondent. Petitioner is **ADVISED** of the continuing obligation to keep the Clerk of the Court and Respondent apprised of changes to his whereabouts. Petitioner shall notify the Clerk of the Court and Respondent of any transfer or change of address, in writing, within 14 days. The failure to do so could result in a dismissal of the case. *See* Fed. R. Civ. P. 41(b).

    **SO ORDERED.**

    Dated: April 10, 2026

*s/ David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge

3